EL PUEBLO, DEMANDANTE Y APELADO, *v.* ESCRIBA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por infracción a la sección 15 de la Ley de Pesas y Medidas.

No. 1225—Resuelto en marzo 18, 1918.

ACUSACIONES—LEY DE PESAS Y MEDIDAS—ALEGACIÓN DE FRAUDE.—Ni el Código Penal ni la ley requieren que en las acusaciones por infracción de la sección 15 de la Ley de Pesas y Medidas se exponga el hecho de que con el fraude se beneficiara el acusado u otra persona alguna.

ID.—ID.—INTENCIÓN CRIMINAL.—No es un elemento necesario del delito previsto y castigado por la ley de 18 de agosto de 1913 sobre pesas y medidas la intención criminal, por lo que no hay que alegarla ni probarla.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Antonio Trujillo Güil* y *J. Martínez Dávila.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El apelante fué convicto de haber dado ilegal, voluntaria y maliciosamente un peso falso a ciertas carretadas de cañas en ocasión de ser pesador de la Central Carmen, con una diferencia de 1,000 libras, defraudando así al agricultor o colono Felipe Rosado. No hay ninguna relación de errores en el alegato; sin embargo, entraremos a considerar algunas de las cuestiones levantadas por el apelante en términos generales.

Ni el Código Penal ni la ley requieren que la acusación exponga el hecho de que con la defraudación se beneficiaba el acusado o la central. Era suficiente sin que se especificara el motivo de que alguien había sido defraudado mediante la acción ilegal del apelante.

Luego alega el apelante que no hubo prueba alguna de intención criminal. Quizás podría tener algún mérito esta contención si exigiera la ley una alegación de semejante intención criminal. Creemos que fué otra la intención de la

Legislatura.    La sección 15 de la Ley de 18 de agosto de 1913, sesión extraordinaria de 1913, (Leyes de 1914, p. 107), reza como sigue:

"Ninguna persona dará, o permitirá que se dé, ningún peso o medida falto o incompleto en la venta o traspaso de artículos, efectos o mercancías, y ninguna persona usará, o permitirá que se use, ninguna pesa o medida falsa en ninguna transacción industrial o comercial, como base para fijar el precio o pago en la venta, traspaso o transporte de cualesquiera artículos, efectos o mercancías."

Esta es una de las distintas secciones determinantes de los deberes y responsabilidades de varias clases que tienen los pesadores en las operaciones mercantiles, algunas de ellas positivas como la de marcar los artículos y la de exhibir las balanzas, y otras prohibitivas como la sección 15, *supra,* de cuya violación se acusó al apelante.    La sección 20 de la propia ley dispone que:

"Toda persona que infrinja cualquiera de las precedentes disposiciones de esta Ley o de las reglas y reglamentos prescritos en cumplimiento de la misma, y toda persona que, como patrono, o como oficial, director, accionista, o agente de cualquier corporación, o como miembro de una razón social o compañía, o de otro modo, disponga, ordene, permita o consienta cualquiera infracción de las precedentes disposiciones de esta Ley o de dichas reglas o reglamentos, será considerada culpable de un delito menos grave (*misdemeanor*), y convicta que fuere en una corte de jurisdicción competente, será castigada por la primera falta con una multa máxima de cincuenta dólares o con prisión que no exceda de cincuenta días, y por la segunda falta, con una multa no menor de cincuenta dólares, ni mayor de doscientos cincuenta dólares, o con prisión por un término no mayor de noventa días, y por las subsiguientes faltas, con una multa que no sea menor de doscientos dólares ni mayor de quinientos dólares, y con prisión por un término que no sea mayor de un año."

Es evidente que la legislatura consideró estas cuestiones a la misma luz que la de las ordenanzas municipales, las infracciones de las cuales generalmente se califican de *mala prohibita,* y en las que no es un elemento necesario la intención criminal.    *Commonwealth* v. *Sacks,* 43 L. R. A. (N. S.) 1;

*State* v. *Armour,* 136 N. W. 565; 40 Cyc. 887, nota 67. Véase también el caso de *El Pueblo* v. *Ferraris,* 15 D. P. R. 813, opiniones de la mayoría y disidente donde se hace una revisión de las autoridades.

En la acusación se alegó la intención criminal. Nos inclinamos a creer que ésta era una alegación superflua y materia de forma con arreglo al artículo 83 del Código de Enjuiciamiento Criminal. Además, en este caso los hechos prácticamente no han sido impugnados, y no existe posibilidad alguna para que se extraviase el apelante con la forma de la acusación.

Es de confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.